### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND

In Re:

**HERDISENE MCINTYRE GREEN**          Case No. **15-15219-JS**
                                       Chapter 13
      Debtor

### OBJECTION TO CONFIRMATION

Nancy Spencer Grigsby, Chapter 13 Trustee in the above-captioned case ("Trustee"), pursuant to section 1325, generally, of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 Plan.  In support of her motion, the Trustee respectfully represents the following:

1. Herdisene McIntyre Green ("Debtor") filed this case on April 13, 2015.  A Meeting of Creditors was held and concluded on May 28, 2015.

2. At the Meeting of Creditors, counsel for the Trustee requested amendments be made to the following schedules:

   a. Schedule A – Real Property:  Debtor has listed that the current value of her interest in her property is $4500.  However, Debtor testified that she believed that her property is worth more than $4500 and indicated that the state assessed value is approximately $119,000.  The Trustee requested that the Debtor amend Schedule A to correct the value of her interest in the real property.

   b. Schedule C – Property Claimed as Exempt:  Debtor testified that she has been a resident of the state of Maryland for at least 50 years.  However, Debtor used federal exemptions on Schedule C.  Section 522(b)(1) of the Bankruptcy Code allows states to opt out of the federal exemptions and to limit a debtor's exemptions to those provided under state law.  Maryland has opted out of the

       federal exemptions. Md. Code Ann., Cts. & Jud. Proc. § 11-504(g). Therefore, the Debtor is afforded exemptions solely provided under Maryland law. On June 8, the Trustee filed an Objection to the Debtor's exemptions. (Docket 23) The Trustee requested that the Debtor amend Schedule C to use the Maryland state exemptions as listed in Md. Code. Ann. Cts. & Jud. Proc. § 11-504.

    c. Schedule F – Creditors Holding Unsecured Nonpriority Claims: Debtor testified that she had an outstanding BGE bill that was not listed in her schedules. The Trustee requested that the Debtor amend Schedule F to include this bill.

3. Debtor testified at the Meeting of Creditors that she had not made her post-petition mortgage payment to Nationstar Mortgage, LLC. The Debtor's Schedule J – Your Expenses shows that $0.00 has been budgeted for this expense. The Debtor's monthly net income is $1,684. It is unclear whether, once the Debtor commences payments to Nationstar, she will be able to make all payments under the Plan and to comply with the Plan, as required by 11 U.S.C. § 1325(a)(6).

4. Nationstar Mortgage, LLC has filed an Objection to Confirmation (Docket 18). The Objection states that the pre-petition arrears, owed to Nationstar by the Debtor, are approximately $76,883.98. The Debtor's Plan does not propose to cure these pre-petition arrears and is inadequately funded to pay them in full. The total funding of the Debtor's Plan is $30,000. The Trustee requests that the Debtor amend her plan to include payment of these arrears in paragraph 2.e.ii. and to increase plan payments to cover payment of this claim and administrative expenses.

5. Nationstar filed its proof of claim on June 3, 2015. The claim is docketed as Claim No. 1-1 on the Court's Claims Register. Nationstar has claimed a secured claim in the

amount of $187,823.90, with outstanding arrears in the amount of $76,883.98.

Pursuant to 11 U.S.C. § 502(a), a claim is deemed allowed unless a party in interest objects. The Debtor has filed a Notice to Court Appointed Trustee (Docket 21) in which she asks the Court to discharge the debt owed to Nationstar if they are unable to "validate the debt which they allege [she] owe[s]." However, the Debtor has failed to provide proper notice to parties pursuant to Federal Rule of Bankruptcy Procedure 7004 and Local Bankruptcy Rules 3007-1 and 7005-2.

6. The Trustee requests a copy of the Debtor's 2012 State and Federal tax return.

**WHEREFORE**, the Trustee cannot recommend confirmation of the Plan.

Date: June 9, 2015                    Respectfully submitted,

Nancy Spencer Grigsby
Chapter 13 Trustee

By Counsel:
/s/ Rebecca A. Herr
Rebecca A. Herr
Federal Bar No. 29298
4201 Mitchellville Road, Suite 401
Bowie, Maryland 20716
Tel. 301-805-4700
E-mail: bherr@ch13md.com
ngrigsby@ch13md.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Confirmation was served on June 9, 2015 electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

**Herdisene McIntyre Green**
3423 Ripple Rd
Baltimore, MD 21224
*Pro Se Debtor*

**/s/ Rebecca A. Herr**
Rebecca A. Herr